| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| HESKELL KHOZOURI-ZADEH<br><br>         Plaintiff,<br><br>- against –<br><br>COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and POLICE DEPARTMENT COUNTY OF NASSAU EMERGENCY AMBULANCE<br><br>         Defendant(s). | Civil Action No.:<br><br>1:21-CV-4601<br><br>VERIFIED COMPLAINT |

   Plaintiff, HESKELL KHOZOURI-ZADEH, by and through his attorneys, Gjoni Law PC, hereby complains and request relief against the Defendants as follows:

   1.  This case arises from the outrageous conduct of various employees of the Defendants on the night of July 25, 2020, to physically torture and deny medical care to Plaintiff, who had recently been the victim of a serious vehicular and personal assault, in a corrupt effort to dissuade him from pressing criminal charges against his attacker, and thereby violating his constitutional rights.

   2.  After being run struck by a vehicle, then savagely beaten by the visibly intoxicated operator of said vehicle, Plaintiff lay on the street with his right leg severely fractured before being loaded into the ambulance by Defendants. However, notwithstanding the clear seriousness of his condition, Defendants held him at the scene and withheld pain medication and/or urgent emergency medical treatment for approximately two hours while police officers interrogated him

1

and threatened to arrest him if he did not agree to drop charges against the operator of the vehicle, who grievously injured him and assaulted him. This interrogation continued well after Plaintiff invoked his right to counsel and Defendants only agreed to transport him to the hospital after Plaintiff's attorneys contacted Police Headquarters to complain to the Lieutenant about police misconduct in progress.

3. Ultimately, because Plaintiff refused Defendants' corrupt demands not to press criminal charges against the man who grievously injured and assaulted him, Plaintiff was himself arrested and charged with knowingly false charges by Defendants.

4. Defendants' unlawful actions caused Plaintiff substantial, long-lasting and unnecessary suffering and damages.

**PARTIES**

5. Plaintiff, HESKELL KHOZOURI-ZADEH ("Plaintiff"), is a licensed chiropractor, the manager of healthcare facilities in Nassau County and is a resident of Nassau County, New York.

6. Defendant, County of Nassau was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

7. Defendant, County of Nassau conducted and carried on business in the State of New York.

8. Defendant, County of Nassau should have expected that its actions would have consequences in the State of New York.

9. Defendant, County of Nassau and defendant's servants, agents and/or employees are authorized by law to create, operate, maintain, train and/or supervise a police department and

ambulance service within the borders of the County of Nassau, and assumes the risks and liability incidental to operating said police department and ambulance service.

10. Defendant, County of Nassau and defendant's servants, agents and/or employees did in fact create, operate, maintain, train and/or supervise a police department as well as an ambulance service operated by the police department within the borders of the County of Nassau, and assumed the risks and liability incidental to operating the Nassau County Police Department and Police Department County Of Nassau Emergency Ambulance.

11. Defendant, Nassau County Police Department was and still is a public benefits corporation, created, organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, Nassau County Police Department conducted and carried on business in the State of New York.

13. Defendant, Nassau County Police Department should have expected that its actions would have consequences in the State of New York.

14. Defendant, Nassau County Police Department and defendant's servants, agents and/or employees are authorized to employ, train, supervise and oversee police officers and are liable for the acts of those officers while under their employ and during the course and scope of their employment.

15. Defendant, Nassau County Police Department and defendant's servants, agents and/or employees did in fact hire several officers, one of which is known as Manuel A. Dias and the other(s) currently known only to the defendants, who did respond to the scene and deprive the

plaintiff of his constitutional rights while acting under the course and scope of their employment with the Nassau County Police Department.

16. Defendant, Police Department County of Nassau Emergency Ambulance was and still is a public benefits corporation, created, organized and existing under and by virtue of the laws of the State of New York.

17. Defendant, Police Department County of Nassau Emergency Ambulance was and still is a corporation, created, organized and existing under and by virtue of the laws of the State of New York.

18. Defendant, Police Department County of Nassau Emergency Ambulance conducted and carried on business in the State of New York.

19. Defendant, Police Department County of Nassau Emergency Ambulance should have expected that its actions would have consequences in the State of New York.

20. Defendant, Police Department County of Nassau Emergency Ambulance and defendant's servants, agents and/or employees are authorized to employ, train, supervise and oversee emergency medical technicians, and are liable for the acts of those emergency medical technicians while under their employ and during the course and scope of their employment.

21. Defendant, Police Department County of Nassau Emergency Ambulance and defendant's servants, agents and/or employees did in fact hire several emergency medical technicians, one of which is known as Jeffery Goodwin and the other(s) currently known only to the defendants, who did respond to the scene and deprive the plaintiff of his constitutional rights while acting under the course and scope of their employment with the Police Department County of Nassau Emergency Ambulance.

22. Further, defendants Nassau County Police Department and Police Department County of Nassau Emergency Ambulance and defendant's servants, agents and/or employees, did conspire together to deprive the plaintiff of his constitutional rights while acting under the course and scope of their employment.

**JURISDICTION**

23. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 and 1343 in that the case involves a federal question. Specifically, it is alleged that the defendants violated the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and thus are liable under 42 U.S. Code § 1981, 1983 and 1985 for damages sustained by the plaintiff. All the necessary administrative prerequisites have been met prior to filing the instant action.

24. The Eastern District of New York is the sole venue under 28 U.S.C. § 112 as the incident occurred at 4 Rodeo Circle, Syosset, NY, which is within the County of Nassau.

**NOTICE OF CLAIM**

25. Prior to the commencement of this action a notice of claim was served on or about August 31, 2020, on defendant(s) in compliance with the laws of the State of New York.

26. On February 3, 2021 a hearing prior to the filing of the summons and complaint was held in compliance with the laws of the State of New York.

27. More than 30 days have elapsed since the service of the notice of claim and hearing, yet the defendant(s) have neglected and/or refused to pay or adjust same.

28. This action is being commenced within 1 year and 90 days from the date that the claim arose.

## STATEMENT OF FACTS

29. On July 25, 2020 the plaintiff, his wife, their daughter and several of the daughter's school friends were invited by Isadora Miale to 4 Rodeo Circle, Syosset, NY. Isadora Miale was the mother of one of these school friends.

30. The plaintiff, along with the above-mentioned individuals, drove to 4 Rodeo Circle, Syosset, NY, and arrived at approximately 9:18 p.m.

31. Isadora Miale lives at 4 Rodeo Circle, Syosset, NY with her husband Frank Miale and their children.

32. Isadora Miale invited the plaintiff, his wife and their daughter into her home for a tour.

33. Isadora Miale informed the plaintiff and his wife that her husband, Frank Miale, was at a bar consuming alcohol and intimated that drugs may be involved.

34. Sometime between 9:18 p.m. to 9:36 p.m. Frank Miale arrives at to 4 Rodeo Circle, Syosset, NY, at which point in time he begins to enter and operate the vehicle belonging to the plaintiff without the plaintiff's knowledge, permission or consent.

35. Sometime between 9:18 p.m. to 9:36 p.m., the plaintiff observed an individual he later identified as Frank Miale enter said vehicle.

36. Thereafter, the plaintiff attempted to extricate Frank Miale from said vehicle through a combination of verbal requests and physical attempts. Further, during these attempts to extricate Frank Miale, the plaintiff was able to smell alcohol on the breath and/or body of Frank Miale.

37. Sometime between 9:18 p.m. to 9:36 p.m., the plaintiff sustained severe and debilitating injuries, included, but not limited to, a right tibial pilon fracture and right fibula fracture. These injuries were sustained due to Frank Miale's control and/or operation of the plaintiff's vehicle and later required emergency surgical repair with hardware to correction a pilon collapse fracture, where the bones essentially collapsed in on themselves. Below is a picture of the aftermath of the urgent emergency surgery to repair the damage caused by Frank Miale's control and/or operation of said vehicle.

 

38. Sometime between 9:18 p.m. to 9:36 p.m., and after breaking the plaintiff's leg, the plaintiff was also physically assaulted by Frank Miale after Frank Miale parked and exited the plaintiff's vehicle.

39. Various parts of this altercation were witnessed by Isadora Miale, the plaintiff's wife, the children at the scene and an unknown individual or individuals who had transported Frank Miale by car to 4 Rodeo Circle, Syosset, NY.

40. Further, portions of this altercation were in fact recorded on video by the individual or individuals who had transported Frank Miale to 4 Rodeo Circle, Syosset, NY; this video was available to be viewed from that individual's recording device.



41. A call was made to 911 at approximately 9:36 p.m. requesting emergency assistance from the local authorities.

42. A second call was made to 911 at approximately 9:38 p.m. requesting an ambulance.

43. At approximately 9:43 p.m. officers from the Nassau County Police Department arrived at the scene of the incident.

44. At approximately 9:45 p.m. an officer from Nassau County Police Department begins verbal communication with the plaintiff.

45. Sometime between 9:41 p.m. and 9:52 p.m. an ambulance from the Police Department County Of Nassau Emergency Ambulance arrives at the scene.

46. At approximately 9:52 p.m. EMTs from the Police Department County Of Nassau Emergency Ambulance begin attempts to render assistance to the plaintiff.

47. At approximately 9:53 p.m. the plaintiff, with assistance from the Police Department County Of Nassau Emergency Ambulance, begins his attempt to mount the ambulance stretcher.

48. At approximately 9:54 p.m. the plaintiff successfully mounts the ambulance stretcher.

49. At approximately 9:56 p.m. an officer or officers from Nassau County Police Department begin the verbal interrogation of the plaintiff and/or other witnesses at the scene.

50. At approximately 9:57 p.m. the plaintiff is successfully placed inside of an ambulance belonging to the Police Department County Of Nassau Emergency Ambulance.

51. From approximately 9:57 p.m. until 11:40 p.m. the plaintiff was kept at the scene of the accident while inside the ambulance belonging to the Police Department County Of Nassau Emergency Ambulance, during which time he was intermittently and/or continuously interrogated by the Nassau County Police Department, all the while suffering in agony with the grievous injuries that required emergency surgical repair of this leg and being deprived of urgent medical treatment at the hospital and other medical aid to help alleviate some of the symptoms of his injuries, namely the catastrophic collapse and fracture of the bones in his right leg.

52. From approximately 9:57 p.m. until 11:40 p.m. the Nassau County Police Department and/or Police Department County Of Nassau Emergency Ambulance refused to allow the plaintiff to leave the scene and obtain medical care from the hospital emergency room.

53. From approximately 9:57 p.m. until 11:40 p.m. the Nassau County Police Department and/or Police Department County Of Nassau Emergency Ambulance kept the plaintiff at the scene and did not take the plaintiff to the hospital emergency room.

54. From approximately 9:57 p.m. until 11:40 p.m. the plaintiff repeatedly informed the Nassau County Police Department of the events leading up to his injury and demanded that criminal charges be brought against Frank Miale.

55. From approximately 9:57 p.m. until 11:40 p.m. the officer/officers from Nassau County Police Department repeatedly requested that the plaintiff not pursue criminal charges against Frank Miale, and refused to allow the plaintiff to be transported to the hospital to receive emergency medical care for his pilon fracture.

56. From approximately 9:57 p.m. until 11:40 p.m. the plaintiff repeatedly requested that the Nassau County Police Department pursue criminal charges against Frank Miale.

57. From approximately 9:57 p.m. until 11:40 p.m. the officer/officers from the Nassau County Police Department did not conduct an alcohol or drug screening of Frank Miale despite witness statements asserting that the Frank Miale was under the influence of alcohol and/or drugs and that he was in fact the aggressor.

58. From approximately 9:57 p.m. until 11:40 p.m. the Nassau County Police Department did not conduct an alcohol or drug screening of Frank Miale despite first-hand observations indicating the consumption of alcohol and/or drugs.

59. From approximately 9:57 p.m. until 11:40 p.m. the Nassau County Police Department failed to conduct a complete crime scene investigation, including, but not limited to, preserving physical evidence, obtaining available witness statements and/or videos.

60. During his time spent waiting in an ambulance in excruciating pain, the plaintiff made efforts to contact his attorney, and did in fact contact his attorney for the purpose of pleading with the police to allow the plaintiff to obtain urgent medical treatment. Furthermore, his attorney was required to contact a lieutenant of the police department and said lieutenant intervened in the misconduct and saw to it that the plaintiff was transported immediately for the urgent medical care.

61. At approximately 11:40 p.m. the Police Department County Of Nassau Emergency Ambulance departed the scene and arrived at the Nassau University Medical Center at midnight.

62. From approximately 12:00 a.m. on July 26, 2020, and while the plaintiff was being rendered medical care, an officer or officers from the Nassau County Police Department continued their interrogation of the plaintiff during attempts by medical staff to render emergency medical care, thereby inhibiting the movements the medical staff and the care they attempted to render. Further, the Nassau County Police Department handcuffed the plaintiff to his bed while his right leg was shattered to a level almost beyond repair.

63. This unlawful interrogation was also being conducted after Plaintiff had invoked his right to counsel and, in fact, a supervisor in the Police Department actually spoke with Plaintiff's counsel and was fully aware that no further interrogation should occur.

64. As a direct result of Defendants' unlawful actions, Plaintiff suffered needlessly for nearly two hours and was falsely arrested and maliciously prosecuted resulting in damages of pain and suffering, unnecessary mental anguish and monetary loss from legal fees and a potential loss of business income due to negative publicity.

## COUNT 1
## Deprivation of Civil Rights Generally

65. Plaintiff realleges and reincorporates each and every allegation in the above paragraphs, as though fully set forth herein.

66. For the reasons set forth herein, Plaintiff alleges that Defendants, intentionally, willfully, recklessly and/or otherwise deprived him of his civil rights.

67. The unconstitutional actions of the Defendants, included, but are not limited to, failing to provide medical care, preventing the timely rendering of medical care, delaying medical care, torturing the plaintiff in an attempt to prevent the plaintiff from pressing charges against his attacker, falsely arresting the plaintiff, interrogating the plaintiff after he invoked his right to counsel, maliciously prosecuting the plaintiff, failing to preserve and/or turn over exculpatory evidence which could prevent the malicious prosecution of the plaintiff, all in violation of the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments of the United States Constitution and/or 42 U.S. Code § 1981, 1983 and/or 1985.

68. As a direct, sole and proximate result of the deprivation of medical care, infliction of torture and malicious prosecution, the Plaintiff was caused to sustain serious physical injury, unnecessary pain and suffering, delay in treatment, humiliation, embarrassment, emotional distress, mental distress, moral degradation, indignity, disgrace, injury to person, injury to business, legal expenses and potential loss of income.

## COUNT 2
## False Arrest and Malicious Prosecution

69. Plaintiff realleges and reincorporates each and every allegation in the above paragraphs, as though fully set forth herein.

70. The Defendant Nassau County Police Department arrested the plaintiff without probable cause for the purpose of punishing the plaintiff because he declined the police officers repeated requests to drop the charges against Frank Miale.

71. The Defendant Nassau County Police Department failed to conduct a proper crime scene investigation by obtaining and/or preserving physical evidence, witness statements and videos, thereby causing the loss of exculpatory evidence and/or evidence establishing that they did not have probable cause to arrest the plaintiff.

72. The Defendant Nassau County Police Department failure to conduct a proper crime scene investigation resulted in the false arrest and prosecution of the Plaintiff.

73. The Defendant Nassau County Police Department then needlessly confined the plaintiff by handcuffing him to his hospital bed while his right leg bone had essentially collapsed and in urgent need of emergency medical care, as well as continued their interrogation of the plaintiff after invoking his right to counsel.

74. The Plaintiff was conscious of his false arrest and confinement.

75. The Defendant County Of Nassau then engaged in a malicious prosecution of the plaintiff when it had ample opportunity to determine that a proper crime scene investigation was not performed, that there was no probably cause and that there was malfeasance on the part of the responding officers.

76. The Defendant County Of Nassau is continuously prosecuting the plaintiff without evidence to support a case against him in the state criminal case and without evidence that there was probable cause to arrest him.

77. The forgoing unconstitutional actions of the Defendants Nassau County Police Department and County Of Nassau were all in violation of the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments of the United States Constitution and/or 42 U.S. Code § 1981, 1983 and/or 1985.

78. As a direct, sole and proximate result of the deprivation of medical care and infliction of torture, false arrest and malicious prosecution the Plaintiff was caused to sustain serious physical injury, unnecessary pain and suffering, delay in treatment, humiliation, embarrassment, emotional distress, mental distress, moral degradation, indignity, disgrace, injury to person, injury to business, legal expenses and potential loss of income.

## COUNT 3
### Torture, Deprivation of Medical Care and Conspiracy

79. Plaintiff realleges and reincorporates each and every allegation in the above paragraphs, as though fully set forth herein.

80. The Defendant Nassau County Police Department and/or Defendant Police Department County Of Nassau Emergency Ambulance deprived the plaintiff of medical care and/or prevented the transportation of the plaintiff to hospital emergency room for treatment of a grievous leg fracture for the purpose of coercing the plaintiff to not pursue a criminal complaint against Frank Miale and thereby depriving the plaintiff of his constitutional rights.

81. The Defendants Nassau County Police Department and Police Department County Of Nassau Emergency Ambulance conspired with each other to deprive the plaintiff of medical

care and/or prevent the transportation of the plaintiff to hospital emergency room for treatment of a grievous leg fracture for the purpose of coercing the plaintiff to not pursue a criminal complaint against Frank Miale and thereby depriving the plaintiff of his constitutional rights.

82. The actions of the Defendants Nassau County Police Department and Police Department County Of Nassau Emergency Ambulance amounted to torture as the plaintiff was screaming in agony as a result of his injuries and the Defendants refused to transport the plaintiff to hospital emergency room for treatment of a grievous leg fracture.

83. The torture inflicted on the plaintiff by Defendants Nassau County Police Department and Police Department County Of Nassau Emergency Ambulance was done by conspiracy by the defendants for the purpose of prolonging the plaintiff's agony, pain, suffering and metal anguish so as to coerce the plaintiff not to pursue a criminal complaint against Frank Miale and prevent the plaintiff from testifying court against his attacker.

84. The forgoing unconstitutional actions of the Defendants Nassau County Police Department and Police Department County Of Nassau Emergency Ambulance were all in violation of the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments of the United States Constitution and/or 42 U.S. Code § 1981, 1983 and/or 1985.

85. As a direct, sole and proximate result of the deprivation of medical care and infliction of torture, the Plaintiff was caused to sustain serious physical injury, unnecessary pain and suffering, delay in treatment, humiliation, embarrassment, emotional distress, mental distress, moral degradation, indignity, disgrace, injury to person, injury to business, legal expenses and potential loss of income.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

a) Actual, compensatory, non-economic and/or statutory damages;

b) Punitive damages;

c) Pre-judgment and post-judgment interest as allowed by law;

d) An award of attorney's fees as allowed by law;

e) An award of taxable costs; and

f) Any and all such further relief as this Court deems just and proper.

Dated: New York, NY
       date#

_____
Gencian Gjoni, Esq.
GJONI LAW
401 Broadway, Suite 1111
New York, NY 10013
T: (212) 625-8333

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          Civil Action No.: _____

-------------------------------------------------------------------------------------------------------------------

        HESKELL KHOZOURI-ZADEH

                      Plaintiff,

              - against –

        COUNTY OF NASSAU, NASSAU COUNTY POLICE
        DEPARTMENT, and POLICE DEPARTMENT COUNTY
        OF NASSAU EMERGENCY AMBULANCE

                      Defendant(s)

-------------------------------------------------------------------------------------------------------------------
# COMPLAINT
-------------------------------------------------------------------------------------------------------------------

GJONI LAW
Attorney for Plaintiff
401 Broadway, Suite1111
New York, NY 10013
212-625-8333